

1  VINCENT W. SHACK
2  64337 DORAL DR.
   DESERT HOT SPRINGS, CA  92240
3  (760) 218-9777
4  vgreengolf@aol.com

5  VINCENT W. SHACK, IN PRO PER



6
7
8
9               UNITED STATES DISTRICT COURT

10                          for the
               CENTRAL DISTRICT OF CALIFORNIA
11

12  VINCENT W. SHACK,              No.  Case Number
13              Plaintiff,
                              Transfer of Case from the state of
14      vs.                   California to Federal Court
15
   NBC UNIVERSAL MEDIA, LLC
16
17  IMG WORLDWIDE, INC,
   LADIES PROFESSIONAL GOLF
18  ASSOCIATION,               DEMAND FOR JURY TRIAL
   SAMSUNG ELECTRONICS
19  AMERICA INC., AND DOES 1 TO
20  ~~50~~ 10
21              Defendant.



22  The plaintiff alleges misuse of the United States Constitutional First Amendment

23  "freedom of speech" through the utilization of the Strategic Lawsuits Against Public

24  Participation," (SLAPP) civil code 425.16 by the named defendants. Although the

25  Superior Court tentative ruling warned the defendants the SLAPP motion was

26  premature and should not be filed against a Cause of Action. The plaintiff indicates

27  being denied Leave from the Fourth (4th) District Court of Appeal which would have

28

                              COMPLAINT                                    1

permitted the State California General Counsel to gain proper jurisdiction to review the plaintiff's Victim Government Claim filing. The plaintiff also alleges intentional torts, violent criminal act of physical battery at the hands of the defendant, infliction of emotional distress, deceit, and nuisance, all of which resulted in a "violation of Plaintiff's Civil Rights ('Singled Out'). The intentional torts were dismissed as a result of the utilization of the SLAPP motion. The element of battery and personal injury was never properly disposed of.

## I. JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that the controversy arises under the United States Constitution. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Each and all of the acts (or threats of acts) alleged herein were done by defendants, or their officers, agents, and employees, under color and pretense of the statutes, ordinances, regulations, customs and usages of the NBC et al.

## II. VENUE

2. Venue is proper in this district under 28 U.S.C. §1331 because a substantial part of the event giving rise to the claims in this action occurred in this district.

## III. PARTIES

3. Plaintiff's name is Vincent W. Shack. Plaintiff resides at: 64337 Doral Drive Desert Hot Springs, California 92240

4. Defendant names are

IMG WORLDWIDE & LPGA Paul V. Wayne, Esq. Tharpe & Howell 15250 Ventura Boulevard, Ninth Floor Sherman Oaks, California 91403-3221

SAMSUNG AMERICA Wesley D. Hellerud, Esq. KINKLE, RODIGER AND SPRIGGS 3333 Fourteen Street Riverside, CA 92501

NBC UNIVERSAL MEDIA GROUP Paul K. Schriffer, Esq. P.K. SCHRIEFFER, LLP 100 N. Barranca Avenue, Suite 1100 West Covina, CA 91791

LADIES PREFESSIONAL GOLF ASSOCIATION Eric Bruce Kunkel, Esq. Tharpe

1  & Howell, LLP 15250 Ventura Blvd., 9th Floor Sherman Oaks, CA 91403

2                          IV. STATEMENT OF FACTS

3                                    1

4  On October 11, 2007, Mr. Vincent Shack purchased tickets to attend a professional

5  golfing event at the 2007 Samsung World Championship at the Bighorn Country Club

6  in Palm Desert, California.

7                                    2

8   Mr. Shack alleges on the 18th hole of the green after an errant tee-shot he moved one

9  or two steps to clear the path so the play could continue. As Shack moved out of the

10  path of the errant ball, Dan Beard struck Shack with either his camera or forearm and

11  "spewed derogatory language toward" Shack. Shack was "visibly shaken and suffered

12  immediate and serious injury" to his "neck area, among other physical and mental

13  injuries."

14                                   3

15  Shack further alleged that at the end of the day tournament security personnel

16  approached him and informed him that Beard had filed a complaint alleging Shack had

17  threatened him. Beard initially provided a false statement to the police (EXHIBIT A)

18  where he indicates the plaintiff stated he would cut him. Beard pointed to Shack as he

19  was walked towards the clubhouse to report he had been battered by Beard. The police

20  immediately pursued Shack and asked that he empty his pockets. Shack willingly

21  emptied all his pockets and no weapon was observed. The police returned to Beard and

22  informed him Shack did not have a weapon. Beard then changed his story and said he

23  really didn't hear Shack say he had a knife.

24                                   4

25  Shack then sought out and spoke with the head of security for the tournament, who

26  informed him that no charges would be filed and he was free to attend the tournament

27  on the following day, October 12.

28                                   5

On October 12 when Shack attempted to purchase a ticket and to enter the tournament he was denied.

6

Police officers "removed" him from the tournament "in a manner that was unnecessarily aggressive, demeaning and demoralizing. These humiliating and debasing acts were committed in front of the golf community," which Shack relied upon for "professional opportunities."

7

Shack alleged his forcible removal from the tournament on October 12 caused him "great embarrassment and emotional distress," and described defendants'" conduct on October 12" as "equally if not more outrageous" than Beard's act of striking him in the neck and spewing derogatory comments toward him on October 11.

8

In addition, on October 12, tournament personnel and security "specifically told" Shack that IMG and Bighorn "did not want him" at the tournament.

9

Shack alleged that, in refusing him entry to the tournament on October 12, defendants "failed to act reasonably, prudently and in good faith." Shack also alleged that Beard and the other defendants, including IMG, the LPGA, NBC, and Samsung, falsely reported to police and/or tournament security personnel that Shack threatened Beard as a result of these reports, Shack was refused entry into the tournament on October 12 and was forcibly removed by police officers in a manner that was "unnecessarily aggressive, demeaning and demoralizing"; and, finally, these actions humiliated Shack in front of the golfing community upon which he relies for "professional opportunities."

10

On February 04, 2009 after three attempts to resolve the issue with the defendants including one attempt by letter of performance written by California barred Attorney Terry Lehr which was flatly ignored. Mr. Shack then filed a lawsuit against six

COMPLAINT

4

defendants (Dan Beard (camera man) IMG Worldwide, Inc. (IMG), Ladies Professional Golf Association (the LPGA), NBC Universal, Inc. (NBC), Samsung Electronics America, Inc. (Samsung), and Bighorn Properties, Inc. (Bighorn).

11

Shack alleged the six defendants were the agents or employees of each other, and the five "entity defendants" were in some manner responsible for Beard's "outrageous battery" and for their own actions in reporting to police and tournament security personnel that Shack threatened Beard.

12

Shack indicates during a Superior Court hearing with Judge Evans. Judge Evans gave Shack leave to amend the first complaint to clarify the liability of the defendants.

13

During Shack's leave Beard's attorney filed SLAPP motion.

14

The motion went unopposed by the plaintiff while on leave as given by the Courts to submit a second amendment civil complaint clarifying the liability of the defendants (Demurrer of the defendants).

15

During the time of Shack's permitted leave; the court granted Beard's (the 6th defendant) motion for SLAPP.

16

Shack requested an ex parte hearing to address Beard's SLAPP suit motion which had been granted by the Superior Court Judge.

17

The courts denied the plaintiff's request for the ex parte hearing although the SLAPP motion ruling was rendered while the plaintiff was placed on leave to demurrer.

18

After realizing the court's granting the defendant Bearden SLAPP motion all other

defendants filed and were granted.

19

IMG and the LPGA filed a SLAPP motion which was granted as to Shack's first amended complaint, while NBC and Samsung later filed separate SLAPP motions. Clearly showing all parties were acting in concert to avoid liability of the defendant Beard SLAPP motion as defined in paragraph 15 and18.

20

Judge Evans advised the defendants their SLAPP motion was premature in that it should not be filed against a Cause of Action.

21

Shack argued IMG, the LPGA, NBC, and Samsung failed to meet their initial burdens of demonstrating that his causes of action against them for "general negligence" and "intentional tort" arose from protected activity.

22

Shack pointed out that Beard's alleged act of striking him in the neck did not constitute protected speech or petitioning activity.

23

Shack filed a response indicating his first and second amended complaints, Shack generally alleged that IMG, the LPGA, NBC, and Samsung were responsible in some manner for Beard's "outrageous battery" or act of striking him in the neck.

24

July 21, 2010 plaintiff filed a motion to the State of California Fourth District of Appeal requesting extension of time to file a brief against NBC Universal, Inc et al.

25

July 29, 2010 the State of California Fourth District of Appeal denied the extension request. The rationale was the following: no further extensions will be granted on the grounds of this application, the length of the record, the number and complexity of issues, counsel's newness to the case, the existence of other time-limited

commitments, or any vacation.

## 26

March 04, 2011, the plaintiff received a response from the State of California Fourth District of Appeal upholding the trial courts SLAPP suit decision. During oral argument the appellant judge (Justice King) asked the respondents, "why is this not a case for battery?"

## 27

May 11, 2011, the plaintiff received a response from the Supreme Court of California with his petition for review being denied. EXHIBIT B

## 28

September 01, 2011 the plaintiff filed the VCGCB and was advised the Victim Government Claim is to be filed with the offending government entity the, Fourth District Court of Appeal, Division two (2) Riverside, California who will forward it to the state general counsel. EXHIBIT C

## 29

September 29, 2011 plaintiff received a response from the Victim Compensation and Government Claims Board (VCGCB) with the determination they had no jurisdiction over the Superior Court of Superior Court Judges. EXHIBIT C

## 30

August 1, 2012, the plaintiff filed a motion with the 4th District Court requesting leave as advised by the state General Counsel to permit the Victim Claim to be reviewed.

## 31

The Fourth District Court of Appeal responded in order to grant leave there must be motion filed to recall the court remittitur.

## 32

September 29, 2011, the plaintiff filed a motion to recall remittitur.

## 33

The plaintiff indicates the court responded to his motion to recall the remittitur was

based on judicial error twice.

34

The plaintiff responded back indicating his motion was not based on judicial error but a request to be granted leave to allow his claim to be reviewed by the State of California General Counsel (Lyle Nishimi).

35

August 21, 2012, the plaintiff received a response from the State of California General Counsel indicating his claim was being returned because it was not presented within six (6) months after the event or occurrence (OPINION) as required by law. EXHIBIT D

36

Plaintiff clearly documents the time was not exceeded. On September 01, 2011 plaintiff filed a complaint with the Victim Compensation and Government Claims Board which was continuously delayed as he waited on the State of California Fourth District Court of Appeal to respond to his request for receiving leave.

37

November 19, 2012 the State of California Fourth District Court of Appeal denied plaintiff motion filed to recall remittitur from August 6, 2012 request. EXHIBIT E

38

May 18, 2015 the plaintiff filed another motion to recall remitter for good cause and not judicial error.

39

July 1, 2015 the plaintiff received a response from the State of California Fourth District of Appeal denying his request to recall remittitur indicating there were no legal grounds for its recall.

40

July 12, 2019, the plaintiff received a response from the State of California Fourth District of Appeal with a denial of his fifth motion to recall the remittitur.

41

July 12, 2019, the plaintiff received a response from the fourth Appellate District Court indicating the plaintiff filed his fifth motion to recall the remittitur which was being denied on the same grounds as the denial of his fourth recall motion filed August 16, 2016 where he sought leave from the courts to have the government claims reviewed which were submitted with an earlier recall motion and forwarded to the Office of General Counsel order filed November 19, 2012. EXHIBIT F

42

September 25, 2019 the Supreme Court of California denied plaintiff's petition for review was denied (motion to recall remittitur due to time restrictions beyond 30 days of the ORDER of the Court of Appeals 4th District Riverside, California.

43

Based on the August 21, 2012, the plaintiff received a response from the State of California general counsel his claim was being returned because it was not presented within six (6) months after the event or occurrence as required by law is incorrect in that he filed all request based on communications from the honorable court and at times experience considerable delays but continued to keep the case active as it is shown through the chronological records of all engagements as documented in the Appellate Courts Case Information Summaries EXHIBIT G

CLAIMS (CAUSES OF ACTION)

FIRST CAUSE OF ACTION CLAIM 1

Plaintiff alleges paragraphs 3, 13 through 26. (Misuse of First Amendment through utilization of California's "Strategic Lawsuits Against Public Participation," (anti-SLAPP) 425.16. Constitutional Law § 55—First Amendment—Freedom of Speech—State Constitutional Provisions. --The free speech provisions of Cal. Const., art. I, § 2, are more protective, definitive, and inclusive of rights to expression of speech than their federal counterparts.

1

The plaintiff alleges the defendant wrongfully utilized the First Amendment of the United States Constitution which protects the freedom of speech. While the interpretation of this phrase is often used very liberally, the First Amendment forbids the government from limiting anyone's freedom to speak his or her mind with rare and narrow exceptions. In lawsuits for defamation (libel or slander), speech is used to cause intentional harm and, therefore, cannot be used as freely. There is no First Amendment right to defame another. This is where California's "Strategic Lawsuits Against Public Participation,"1 (anti-SLAPP) statute and the First Amendment collide. Significantly, California jurisprudence has extended its prohibition on false statements of fact to prohibit concealment of material facts. As the court in this Matter of Jeffers put it "i[i]t is settled that concealment of material facts is just as misleading as explicit false statements, and accordingly, is misconduct calling for discipline." Additionally, the court found that the lawyer's conduct constituted a violation of B & P 6106, which provides that "any act of moral turpitude, dishonesty, or corruption" may be subject to disbarment or suspension. As referenced in the cases of Grove v. State Bar (1965) 63 Cal. 2d 312, 46 Cal Rptr. 513, 405 P2d 553, Arm v. State Bar (1990) 50 Cal. 3d 763, 268 Cal. Rptr. 741, 789 P.2d 922, Sullins v. State Bar (1975) 15 Cal. 3d 609, 125 Cal. Rptr. 471, 542 P.2d 631, and Sabatino v. State Bar (1980) 27 Cal. 3d 159, 162 Cal. Rptr. 458, 606 P. 2d 765. All counsels were clearly aware of the false statement made by defendant Beard as documented in the police report. His initial statement of claims the plaintiff had a weapon (knife) which was used as an avenue to utilize first amendment for protection against a threat was bogus and slanderous. Therefore, the SLAPP motion should have been denied and sanctions applied.

2

 In California, the so-called anti-SLAPP statute is codified in section 425.16 of the Code of Civil of Procedure. The statute allows defendants to file a special motion to strike. In order to prevail, the defendant must show that its speech or conduct fits within one of the categories spelled out in the statute. If it does, the burden shifts to the

COMPLAINT

plaintiff to show that he can show a probability of prevailing on the merits. If the defendant is successful in striking some or all of plaintiff's claims, defendant will be entitled to collect its reasonable attorney's fees.

3

A party who believes that they have been harmed by the free speech of another party may threaten and intimidate the free speaker with the burden of legal fees, by way of filing a lawsuit against the speaker, unless or until they cease their opposition and stop speaking out against the cause.

4

But filing SLAPP lawsuits against an individual or organization for engaging in protected political activity is a dangerous thing. The SLAPP statue had never been used by a corporation against an individual.

5

It was abundantly clear from the outset the response to the plaintiff's lawsuit was not about remedying any real harm. It was about punishing the challenge of the plaintiff and chilling any future recall efforts by forcing him to exercise his right to recall and to pay large amounts of legal fees.

6

In fact, as noted in exhibit A, the official police report it clearly documents the defendant at no time was in fear of the plaintiff corroborating the defendant's first amendment claim. The defendant initially reported to law enforcement officers the plaintiff threatened him with a knife. This resulted in the plaintiff being humiliated in the presence of the golf community by being questioned about a weapon. The plaintiff willingly followed all law enforcement officers orders and no weapon was found. Law enforcement officer informed the defendant who then changed his story and indicated he didn't hear the plaintiff make a threat with a knife.

7

The first amendment clearly states its purpose is to prevent the government from

making laws which regulate an establishment of religion, prohibit the free exercise of religion, or abridge the freedom of speech, the freedom of the press, the right to peaceably assemble, or the right to petition the government for redress of grievance.

8

There was no documentation of violation of the first amendment given support to the wrongful us of the SLAPP 425.16 based on the fraudulent statement given by the defendant. This is similar to the case of Louis G. Navellier vs. Kenneth Sletten 29 Cal.4th 82, 124 Cal Rptr. 2d 530, 52 p. 3d703 where Sletten committed fraud in misrepresenting his intention to be bound by a release, so as to induce the plaintiff to incur various litigation costs in the federal action filed as a special motion pursuant to section 425.16 to strike this action as a SLAPP. The court denied the motion indicating the action fell outside the scope of the "arising from "prong of the anti-SLAPP statue because it was not brought primarily to chill the exercise of constitutional free speech or petition rights.

9

The plaintiff indicates this is the case here. He is asking the honorable court to respectfully permit a reversal and to add a claim for "intentional infliction of emotional distress."

10

The plaintiff alleges the intentional torts of battery, infliction of emotional distress, deceit, and nuisance, all of which resulted in a "violation of Plaintiff's Civil Rights ('Singled Out').

CLAIM 2

Plaintiff alleges paragraphs 2,7,11, 22-23, and 26 Ralph Civil Rights Act Civ. Code § 51.7. Freedom from violence; Preservation of legal right to pursue action for violations.

1

The plaintiff alleges the charge of battery was never addressed by any of the

COMPLAINT

defendants although a police incident report clearly documents he was struck by the defendant camera man.

2

The defendant admits he struck the plaintiff.

CLAIM 3

Plaintiff alleges paragraphs 2-9 Unruh Civil Rights Act, CC § 51 et seq also known as a denial of service or public accommodation discrimination.

1

Because the Unruh Act prohibits violence or intimidation based on a person's sexual orientation (Civ C § 51.7), it provides a plaintiff with a basis for pleading a cause of action for a violation of public policy. In the case of Gatto vs Sonoma county, the plaintiff allegedly was the victim of various crimes committed by one person and the county failed to adequately investigate that person's conduct or otherwise protect plaintiff. Gov C § 815.3 (public entity liable for harassment if elected official and public entity named as codefendants) was applicable to plaintiff's state discrimination claims for money damages, but otherwise inapplicable as retroactive legislation. Ortland v. County of Tehama (E.D. Cal. Aug. 9, 1996), 939 F. Supp. 1465, 1996 U.S. Dist. LEXIS 11789.

2

Appellant county fair ejected respondent patron (Gatto) for refusing to remove his vest bearing a motorcycle club insignia. His (Gatto) Government Claims Act claim got rejected. He (Gatto) sued under the Unruh Civil Rights Act, Cal. Civ. Code § 51(b), and Cal. Const. art. 1, § 2, enforceable through a Cal. Civ. Code § 52.1(b) action for damages. The Sonoma County Superior Court (California) awarded him damages and attorney fees. The fair had a dress code against provocative apparel and "gang insignia." The trial court dismissed the city as a party, as it had not adopted the dress code. The appellate court found that, as the § 51(b) claim derived from common law principles, and as the § 52.1(b) claim sounded in tort, they were subject to the Cal. Civ.

COMPLAINT

Proc. Code § 340 one-year statute of limitations. But the Government Claims Act extended the limitations beyond the one-year. Enforcement of the dress code did not deprive the patron of full and equal access to accommodations in violation of the Unruh Act. The legislature intended to confine the scope of the Unruh Act to types of discrimination it listed. Any judicial expansion of coverage was to be done carefully, subject to a three-step inquiry. The dress code was, however, void for vagueness and facially overbroad, and its enforcement against the patron deprived him of his Due Process Clause liberty interest in personal dress and appearance. The definition of "gang," in general, was notoriously imprecise. The dress code did not contain ascertainable standards. There was no showing that wearing of such insignia would lead to violence.

3

For the foregoing reasons, the trial court correctly concluded that the Government Claims Act applied to this action and extended the limitations period beyond the one year specified in section 340 of the Code of Civil Procedure. Because Gatto filed his complaint in the superior court within six months from the date of the notice he received of the rejection of his claim (Gov. Code, §§ 911.8, subd. (b), 913, subd. (b)), it was not time-barred.

4

The plaintiff (Shack) alleges similar, there is no evidence presented of him violating anyone's first amendment right but a clear display of his civil rights being violated.

5

Plaintiff has also demonstrated he entered his complaint and continued to respond to the honorable court within the required time but was stalled due to many court delays (Exhibits G). Plaintiff requests his case to be recognized as not time-barred as in the case with Gatto.

CLAIM 4

Plaintiff alleges paragraphs 27-43 Civil Rights § 7.1—Discrimination by

COMPLAINT

Government—Federal Civil Rights Statute—Application of Government Claims Act. --Federal civil rights claims brought under 42 U.S.C. § 1983 are exempt from the claim filing requirements of the Government Claims Act (Gov. Code, § 910 et seq.) because the supremacy clause of the United States Constitution does not permit a state law to alter or restrict federally created rights.

1

The plaintiff clearly documents being denied leave from the Fourth (4th) District Court of Appeal which would have permitted the State Attorney of California General Counsel to gain proper jurisdiction to review his Victim Government Claim (Exhibits E and F).

(As against Defendant(s): NBC Universal Media Group, SAMSUNG America, IMG Worldwide, and Ladies Professional Golf Association (LPGA)

## VI. REQUEST FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

(a) Address the issues that would have been addressed in the Victims Government Claim;

(b) Enter judgment against the defendant;

(c) Issue a declaratory judgment declaring that all defendants are unconstitutional on its face;

(d) Award plaintiff costs, interest and reasonable attorneys' fees for this action pursuant to 42 U.S.C. §1988 and other relevant statutes; and,

(e) Order such other and further relief as the Court deems just and proper under the circumstances to include but is not limited compensatory and punitive damages (to pain and suffering, loss of income, back and forward pay to be made whole);

(f) To examine the Government Tort Liability § 18—Claims—Exception without prejudice—Actions Seeking Nonmonetary Relief.--When a claimant seeks both damages and nonmonetary relief from a public entity in the same action, the

1  applicability of the claim filing requirements of the Government Claims Act (Gov.

2  Code, § 910 et seq.) turns on whether the damages sought are ancillary to the equitable

3  relief also sought, in which case the requirements are inapplicable, or the reverse is

4  true, in which case the filing requirements apply. An action for specific relief does not

5  lose its exempt status solely because incidental money damages are sought.

6                       VII. DEMAND FOR JURY TRIAL

7  Plaintiff hereby requests a jury trial on all raised in this complaint.

8

9  Dated: _____12/27/2019_____

10

11 Sign: _____Vnd W. Ant_____

12 Vincent W. Shack
   Plaintiff in pro per

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**EXHIBIT A-1**

**RIVERSIDE COUNTY SHERIFF'S DEPARTMENT**
PALM DESERT STATION

*Rinkert #4372*

**Continuation Page**
Page # 3

Case #  T07304047
Subject: 415(3) PC – Disturbing the Peace

Investigator Ben Ramirez #2343

*Pages 2*

1  **DETAILS:**

2      On 10-11-07, I was working as a uniformed Deputy Sheriff at the Samsung Golf
3  Championship, at the Bighorn Golf Club / Canyons Course, at 312 Canyon Dr., Palm Desert. At
4  about 1540 hours, I was providing security with Corporal Pierce as the LPGA golfers left the
5  eighteenth green. We were approached by an NBC cameraman, **(VIC) Dan Beard**, who told us
6  a spectator had made threats to cut him with a knife, after Beard reached out with his hand to
7  keep the spectator out of a live camera feed. Beard and his assistant, **Matt Cook**, left to film an
8  interview, but returned a few minutes later.
9

10      Beard pointed out the subject who made the threats to him, as the subject was walking
11  up the cart path on the south side of the eighteenth hole, toward the clubhouse. Corporal Pierce
12  and I contacted the subject, later identified as **Vincent Shack**, about halfway up the cart path. I
13  asked Shack if I could speak to him about what occurred with the camera man, and he stopped
14  and said, "This is just another nigger going to jail." I explained that I was investigating possible
15  threats made, and Shack denied making any threats to the cameraman. He told me he was
16  watching the golfers, and had walked in front of the camera, when the cameraman reached out
17  to stop him. He denied having any weapons, and emptied his pockets on the cart path without
18  me requesting it.

20      Shack told me I was embarrassing him by talking to him, and claimed we were
21  "accosting" him. I told him I was investigating a possible crime reported to me, and was not
22  taking him to jail. His attitude and demeanor with me reflected that of someone who was
23  challenging me to arrest him for something. At the time Shack claimed we were embarrassing
24  him, there were no other spectators on the cart path to see me talking to him. Shack gave me
25  his business card, and told me he was a "2 handicap" which had no bearing on the investigation
26  I was conducting. He used the term "nigger" a second time during my contact with him, and
27  asked if I knew how many black males were in jail across the nation due to false arrest. I told
28  him I did not, but Shack then quoted a number to me.
29

30      Corporal Pierce spoke to Shack's friend, **Javier Silva**, who told Corporal Pierce he saw
31  the cameraman reach out and stop Shack from blocking the camera.  Silva said he did not hear
32  any threats made to the cameraman.
33

34      Shack questioned me about what the cameraman claimed he said, and then asked if he
35  could go with me when I spoke to Beard. I told he could not be there as I spoke to the
36  cameraman, and told him he was free to leave. My contact with Shack was less than five
37  minutes long.
38

39      I returned to the eighteenth green and spoke to **Beard** a second time. Beard told me he
    was on the south side of the eighteenth hole, west of the green, when he was attempting to
    provide a live camera feed of the tournament.  He said the subject (Shack) walked in front of his
42  camera once, and Beard told him to move, because it was a live shot. Shack walked in front of

FILE COPY

# EXHIBIT A-2

**RIVE᷄᷄ ᷄DE COUNTY SHERIFF'S DEPAR᷄ ᷄ENT**
PALM DESERT STATION

**Continuation Page**
Page # 4

Case #  T07304047                                    Investigator Ben Ramirez #2343
Subject: 415(3) PC – Disturbing the Peace

the camera a second time and Beard put his left arm out to keep Shack out of the camera's view.  He said the subject threatened to cut him, but due to the radio earphones Beard was wearing, he could not be certain of all of the words Shack used.

I spoke to **Matt Cook**, who was with Beard at the time, and he heard Shack threaten to "Fuck him up" (referring to Beard). Neither Beard nor Cook actually heard Shack say he had a knife.

About forty five minutes after this incident, I saw Shack speaking to Sergeant Armstrong, and three other uniformed deputies at the driving range, which contradicted how embarrassed Shack seemed to be speaking to uniformed deputies.

This report is for documentation purposes only.

**CASE STATUS:**
EXC

FILE COPY

# EXHIBIT A-3

# INCIDENT REPORT

RIVERSIDE COUNTY SHERIFF CA0330000

☒ INITIAL  ☐ SUPPLEMENTAL

TE PREPARED: **10-31-07**

| NUMBER | 2. DATE/TIME REPORTED | 3. DATE / TIME ASSIGNED | 4. DATE / TIME INV. START | 5. DATE / TIME INV. TERM | 6.Adult ARR | 7 Juv ARR |
|---|---|---|---|---|---|---|
| **T07304047** | 10-10-07   1540 | 10-10-07   1540 | 10-10-07   1540 | 10-10-07   1615 | | |

| OFFENSES - CODE SECTION | CRIME | COUNTS | 9. EDP CODE |
|---|---|---|---|
| 415(3) PC | Disturbing the Peace | 1 | 24D0M |
| OFFENSES - CODE SECTION (Add or Change to) | CRIME | COUNTS | 11.EDP CODE |
| | | | |
| OFFENSES - CODE SECTION (Add or Change to) | CRIME | COUNTS | 13.EDP CODE |
| | | | |

| LOCATION OF OCCURRENCE | 15. REP. DIST. | 16. OCCURRED ON - DATE / TIME | 17. OR BETWEEN: DATE / TIME |
|---|---|---|---|
| 312 Canyon Dr., Palm Desert | 32E7 | 10-1-07   1540 | |
| BUSINESS NAME | 19. BUSINESS PHONE | 20. CASE STATUS / CLEARANCE | |
| Bighorn Golf Club | 340-4390 | CLOSED EXCEPTIONAL | |

## VICTIM – REPORTING PARTY – WITNESS – OTHER:  ☒ See Additional Persons Report

| INVL | 22. NAME (Last, First, Middle) | 23 SEX | 24. RACE | 25. DOB | 26. AGE | 27. HT | 28. WT | 29. EYES | 30. EYES | 31. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|
| VIC | Beard, Dan | M | W | 08-16-66 | | | | | | |
| RESIDENCE ADDRESS | | CITY | | | | | ZIP | 33. RES. PHONE | | |
| W. 8976 Ripley Rd. | | Canbridge, WI | | | | | 53523 | 608)698-7665 | | |
| BUSINESS ADDRESS | | CITY | | | | | ZIP | 35. BUS. PHONE | | |
| NBC | | | | | | | | 608)698-7665 | | |

| INVL | 37. NAME (Last, First, Middle) | 38 SEX | 39. RACE | 40. DOB | 41. AGE | 42. HT | 43. WT | 44. HAIR | 45. EYES | 46. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|
| WIT | Cook, Matt | M | W | 10-17-69 | | | | | | |
| 47. RESIDENCE ADDRESS | | CITY | | | | | ZIP | 48. RES. PHONE | | |
| 605 15th St. #B | | Huntingon Beach | | | | | 92640 | 818)317-1657 | | |
| 49. BUSINESS ADDRESS | | CITY | | | | | ZIP | 50. BUS. PHONE | | |
| Self Employed | | | | | | | | | | |

## SPECT:  ☒ Adult  ☐ Juvenile  ☐ Parole  ☐ Probation  ☐ See Additional Persons Report  ☐ ARRESTED

| SUS | 52. NAME (Last, First, Middle) | 53. SEX | 54. RACE | 55. DOB | 56. AGE | 57. HT | 58. WT | 59. HAIR | 60. EYES | 61. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|
| SUS | Shack, Vincent | M | B | 08-07-64 | 43 | 602 | 200 | Blk | Bro | Mbr |
| 62. DRIVERS LICENSE NUMBER / ID NUMBER | | 63. STATE | 64. SOCIAL SECURITY NUMBER | | 65. MNI NUMBER | | | 66. CII NUMBER | | |
| C0744198 | | CA | | | | | | | | |
| 67. RESIDENCE ADDRESS | | CITY | | | ZIP | | | 68. RES. PHONE | | |
| 64337 Doral | | Desert Hot Springs | | | 92240 | | | 365-0649 | | |
| 69. BUSINESS ADDRESS | | CITY | | | ZIP | | | 70. BUS. PHONE | | |
| Copper Hill Homes @ Joshua Springs | | Yucca Valley | | | 9228? | | | 365-0649 | | |

| 71. JUVENILE DISPOSITION: | ☐ Other Juris. | ☐ Juv. Crt. Prob. | ☐ Within Dept. | ☐ Detained | ☐ Not Detained |
|---|---|---|---|---|---|

| 72. GANG DATA | 73. TATTOOS / SCARS / MARKS / CLOTHING DESCRIPTION |
|---|---|
| Gang Name(s): | |
| ☐ Member  ☐ Associate  ☐ Self Admit  ☐ Prior Knowledge | |
| TATTOOS / SCARS / MARKS | |
| ☐ Face  ☐ Neck  ☐ R. Arm  ☐ L. Arm  ☐ Hands  ☐ Torso  ☐ Back  ☐ Legs | |

## VEHICLE:  ☐ REFER TO CHP 180 FORM FOR STOLEN, RECOVERED, TOWED OR IMPOUND

| 74. INVL | 75. LICENSE | 76. STATE | 77. YEAR | 78. MAKE | 79. MODEL | 80. BODY STYLE | 81. STN / REC. AUTO VALUE A2:  $ |
|---|---|---|---|---|---|---|---|
| 82. COLOR/COLOR | 83. VIN # | | | 84. OTHER IDENTIFIERS | | | 85. DISPOSITION OF VEHICLE |
| 86. REGISTERED OWNER | | 87. ADDRESS | | CITY | STATE | ZIP | 88. PHONE |

| ☐ PROPERTY REPORT ATTACHED FOR STOLEN, RECOVERED, OR DAMAGED PROPERTY | 89. DAMAGED PROPERTY VALUE $ |
|---|---|

| OFFICER | OFF. ID | REVIEWED BY / DATE | ENTERED BY / DATE | ENTERED BY / DATE |
|---|---|---|---|---|
| Inv. Ben Ramirez | #2343 | 11-1-07 | | |

| COPIES TO: | APR SENT | APR CANCELED | DOJ-NCIC ENT. | DOJ-NCIC CANCELLED |
|---|---|---|---|---|

Form A   .rp. rev 2/98

# EXHIBIT A-4

1   T07304047                         CONTINUATION PAGE                         Page 3
2
3   **Details:**
4       On October 11, 2007, I was working as a supervisor at the Samsung Golf Tournament,
5   which was being held at the Big Horn Country Club in the city of Palm Desert.  On that
6   date at about 1540 hours Investigator Ramirez, who was also working at the golf
7   tournament assigned to player security, informed me that he had contacted a subject by
8   the name of Vincent Shack. Inv. Ramirez relayed the following information to me:
9
10      Inv. Ramirez stated that a cameraman had flagged him down and claimed that Mr.
11  Shack had threatened to cut him.  Inv. Ramirez stated that he had spoken with Mr. Shack
12  who denied the accusations.  Inv. Ramirez also stated that the cameraman did not want to
13  press any charges against Mr. Shack.  Inv. Ramirez also stated that Mr. Shack was
14  claiming his contact with law enforcement was racially based.
15
16      At the end of game play that day, I was contacted on the driving range by an
17  individual who identified himself as Vincent Shack.  Mr. Shack asked who was in charge,
18  and I advised him I was the supervisor in charge of the deputies at the event.  Mr. Shack
19  stated that Inv. Ramirez contacted him on the golf course.  Mr. Shack stated that he had
20  not threatened anyone and wanted to know if he could file a complaint about the
21  cameraman making up a story.  Mr. Shack also wanted to complain that Inv. Ramirez had
22  embarrassed him by contacting him.  I explained to Mr. Shack that Inv. Ramirez was
23  obligated to contact him because a crime had been reported to him.  Mr. Shack told me
24  that he had purchased a ticket and had a right to be at the golf tournament.  I told Mr.
25  Shack that no one had asked him to leave or placed him under arrest.  I also advised him
26  that he had a right to be at the tournament as long as he abided by the rules that were on
27  his ticket.  Mr. Shack then continued to watch players on the driving range.
28
29      I contacted Jim Butzbach who was the Director of Security for the Big Horn Country
30  Club.  I advised Mr. Butzbach of the circumstances and he advised me that he would
31  contact IMG, the company in charge of the golf tournament.  Later that evening, Mr.
32  Butzbach contacted me and told me that per IMG, they did not want Mr. Shack back at
33  the tournament because they felt his actions were detrimental to golf play and the
34  tournament as a whole.
35
36      On October 12, 2007, I held a briefing for the golf tournament.  During that briefing I
37  told Inv. Elders, who was assigned to the location where the spectators boarded the
38  shuttles for the tournament, that per IMG Mr. Shack was not welcome back at the
39  tournament.  I gave Inv. Elders a photograph of Mr. Shack and instructed him to advise
40  him he was not allowed to attend the event, if he arrived.  Later that morning, Inv. Elders
41  contacted me and advised that Mr. Shack was attempting to purchase a ticket to the
42  tournament.  Inv. Elders had advised Mr. Shack that he was not allowed to attend the
43  tournament per IMG.  Mr. Shack wanted to speak with someone in charge.  I told Inv.
44  Elders to have Mr. Shack contact IMG corporate headquarters to voice his complaint.
45  Inv. Elders advised me that Mr. Shack had remained in the parking lot, after being told he
46  was not allowed to attend the tournament, for the entire day and displayed odd behavior.



**EXHIBIT A-5**

STATE OF CALIFORNIA
RIVERSIDE COUNTY SHERIFF

Page 2

**NARRATIVE/SUPPLEMENTAL REPORT**

| CASE NUMBER | DATE OF INCIDENT | NCIC NUMBER | OFFICER | ID NUMBER |
|---|---|---|---|---|
| T07304047 | 10-12-07 | CA330000 | ELDERS | 2206 |

Details:

On 10-12-07 I was working extra duty at the McCallum Theater, 73-000 Fred Waring Dr. Palm Desert, as part of the Samsung Golf Tournament at Big Horn Country Club. I was assigned to the parking lot security detail. Prior to starting my shift in the morning I was briefed by Sgt. Armstrong who told me that IMG/Samsung security had banned a subject from entering the property or attending the golf tournament.

Sgt. Armstrong told me the subjects name was Vincent Shack, and he gave me a description and DMV photo of the subject. Sgt. Armstrong told me that Shack had been arguing with the television camera operators and security officers.

About 0945 hours I noticed a subject who matched the description of Shack, I saw that he was attempting to purchase a ticket with a credit card and I looked and saw that the name on the card was Vincent Shack. I contacted Shack and talked to him privately, I advised him that he was not allowed to purchase a ticket or go to the golf tournament.

Shack immediately stated "I know how you guy's are, your just picking on a poor nigger", "they were messing with me yesterday". I told Shack that he was not allowed to get on a shuttle or go to the tournament. Shack told me that he wanted to speak to someone else about being denied entry into the tournament. I called and spoke with Sgt. Armstrong who advised me to tell Shack to contact IMG Corporate office. One of the IMG ticket sellers provided Shack with a telephone number and allowed him to use the telephone to call. Shack spoke with someone in the corporate office. Shack was still denied entry and made several comments that he was being "singled out".

Several of the older volunteer women came up to me and stated that they felt that Shack was making them feel threatened. I told Shack that he needed to leave the location and that his business was finished with the ticket sales area. Shack went and sat on the south side of the McCallum Theater for the next seven and a half hours, at times he would swing a golf club and look towards where I was. About 1725 hours he finally left the location in his vehicle.

Case status: ( *EXC___:*

FILE COPY

**EXHIBIT A-6**

T07304047                    CONTINUATION PAGE                    Page 4

    Mr. Shack did not return to the golf tournament during the following days.  This report is for documentation purposes only.

**Case Status:**
EXC

FILE COPY

**EXHIBIT A-7**

# INCIDENT REPORT

RIVERSIDE COUNTY SHERIFF CA0330000

PREPARED: 12-08-07

☐ INITIAL   ☒ SUPPLEMENTAL

| 1. FILE NUMBER | 2. DATE/TIME REPORTED | 3. DATE/TIME ASSIGNED | 4. DATE/TIME START | 5. DATE/TIME TERM | 6. Adult ARR | 7. Juv ARR |
|---|---|---|---|---|---|---|
| 07304047 | | | | | | |

| OFFENSES – CODE SECTION | CRIME | COUNTS | 9. EDP CODE |
|---|---|---|---|
| C(1) | Battery With Injury | 01 | 13E1-F |
| 10. OFFENSES – CODE SECTION (Add or Change to) | CRIME | COUNTS | 11. EDP CODE |
| | | | |
| 12. OFFENSES – CODE SECTION (Add or Change to) | CRIME | COUNTS | 13. EDP CODE |
| | | | |

| 14. LOCATION OF OCCURRENCE | 15. REP. DIST. | 16. OCCURRED ON - DATE / TIME | 17. OR BETWEEN: DATE / TIME |
|---|---|---|---|
| | | 12-08-07 / 1110 | |
| 18. BUSINESS NAME | | 19. BUSINESS PHONE | 20. CASE STATUS / CLEARANCE |
| | | | EXC |

## VICTIM – REPORTING PARTY – WITNESS – OTHER:

☐ See Additional Persons Report

| 21. INV | 22. NAME (Last, First, Middle) | 23. SEX | 24. RACE | 25. DOB | 26. AGE | 27. HT | 28. WT | 29. HAIR | 30. EYES | 31. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|
| VIC | Shack, Vincent (Previously Blocked) | | | | | | | | | |

| 32. RESIDENCE ADDRESS | CITY | ZIP | 33. RES. PHONE |
|---|---|---|---|
| | | | |
| 34. BUSINESS ADDRESS | CITY | ZIP | 35. BUS. PHONE |
| | | | |

| 36. INV | 37. NAME (Last, First, Middle) | 38. SEX | 39. RACE | 40. DOB | 41. AGE | 42. HT | 43. WT | 44. HAIR | 45. EYES | 46. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

| 47. RESIDENCE ADDRESS | CITY | ZIP | 48. RES. PHONE |
|---|---|---|---|
| | | | |
| 49. BUSINESS ADDRESS | CITY | ZIP | 50. BUS. PHONE |
| | | | |

## SUSPECT: ☒ Adult  ☐ Juvenile   ☐ Parole  ☐ Probation   ☐ See Additional Names Report   ☒ Arrested

| 51. INV | 52. NAME (Last, First, Middle) | 53. SEX | 54. RACE | 55. DOB | 56. AGE | 57. HT | 58. WT | 59. HAIR | 60. EYES | 61. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|
| SUS | Beard, Dan (Previously Blocked) | | | | | | | | | |

| DRIVER'S LICENSE NUMBER / ID NUMBER | 63. STATE | 64. SOCIAL SECURITY NUMBER | 65. MNI NUMBER | 66. CII NUMBER |
|---|---|---|---|---|
| | | | | |

| RESIDENCE ADDRESS | CITY | ZIP | 68. RES. PHONE |
|---|---|---|---|
| | | | |
| 69. BUSINESS ADDRESS | CITY | ZIP | 70. BUS. PHONE |
| | | | |

| 71. JUVENILE DISPOSITION: | [ ] Other Juris. | [ ] Juv. Crt. Prob. | [ ] Within Dept. | [ ] Detained | [ ] Not Detained |
|---|---|---|---|---|---|

| 72. GANG DATA | 73. TATTOOS / SCARS / MARKS / CLOTHING DESCRIPTION |
|---|---|
| Gang Name(s): _____ | |
| ☐ Member  ☐ Associate  ☐ Self Admit  ☐ Prior Knowledge | |
| ☐ Face ☐ Neck ☐ R.Arm ☐ L.Arm ☐ Hands ☐ Torso ☐ Back ☐ Legs | |

## VEHICLE: ☐ REFER TO CHP 180 FORM FOR STOLEN, RECOVERED, TOWED OR IMPOUNDED

| 74. INV | 75. LICENSE | 76. STATE | 77. YEAR | 78. MAKE | 79. MODEL | 80. BODY STYLE | 81. STN / RCV AUTO VALUE |
|---|---|---|---|---|---|---|---|
| | | | | | | | A2: $ |
| 82. COLOR/COLOR | 83. VIN # | | | 84. OTHER IDENTIFIERS | | | 85. DISPOSITION OF VEHICLE |
| | | | | | | | |
| 86. REGISTERED OWNER | 87. ADDRESS | | CITY | STATE | ZIP | | 88. PHONE |
| | | | | | | | |

☐ PROPERTY REPORT ATTACHED FOR STOLEN, RECOVERED, OR DAMAGED PROPERTY

| 89. DAMAGED PROPERTY VALUE |
|---|
| $ |

| REPORTING OFFICER | OFF. ID | REVIEWED BY / DATE | ENTERED BY / DATE | APPROVED | APR CANCELLED |
|---|---|---|---|---|---|
| Rinkert | 4372 | C02599  12-9-07 | | | |
| | | COPIES TO: | | | |

Form A   TFG   rev 1/01

FILE COPY

**EXHIBIT** A- 8

FILE NUMBER
T07304047

**CONTINUATION PAGE**

PAGE 2 OF 3

¹    The following is a supplemental report.

3    **EVIDENCE:**
4
5        None.
6
7    **ATTACHMENTS:**
8
9        None.
10
11    **DETAILS:**
12
13        On 12-08-07, at 1100 hours, I was on routine patrol in the contract City of Palm Desert. At that
14    time, I was dispatched to a past battery incident. At 1110 hours, I phoned Vincent Shack (as requested)
15    and the following is a summary of what he told me regarding this incident.
16
17        On 10-11-07, at 1400 hours, Shack was attending the Samsung golf tournament at Bighorn Golf
18    Club (See Investigator Ramirez's initial report). At that time, Shack was watching the tournament in the
19    area of the 18th hole. A cameraman (later identified as Dan Beard) was recording the event live on
20    camera. Beard was standing in close proximity to Shack (and other spectators in the crowd). Shack
21    stepped in front of Beard's camera at which time Beard punched him backwards. Shack did not fight back against Beard. Beard told Shack "This is a live shot, step in front of
22    the camera again and I'll have your ass thrown out of the event." Shack walked away from the location.
      He did not seek any medical treatment for his injuries (Shack did not specify what type of injuries he had
25    incurred as a result of being punched in the face by Beard).
26
27        A short time later (unknown hour) Shack was contacted by Investigator Ramirez (See his initial
28    report) regarding a threat Shack had made to Beard. Shack attempted to tell Investigator Ramirez Beard
29    had pushed him but Investigator Ramirez ignored Shack and accused him of making a threat to Beard.
30    Shack told me that at that time, he was in fear for his life and believed Investigator Ramirez was about to
31    take his personal freedom away. Shack told me he is from southern California. I asked Shack what
32    relevance that had to his report of this incident. Shack told me he was being profiled by Investigator
33    Ramirez. I explained to Shack that Investigator Ramirez was only investigating an incident. Shack told
34    Investigator Ramirez he did not make any threats to Beard.
35
36        Shack completed his conversation with Investigator Ramirez and returned to watching the rest of
37    the golf tournament. He did not seek medical treatment for his injuries. I asked Shack why he did not seek
38    medical treatment if Beard had punched him in the face. Shack told me Beard did not punch him in the
39    face. Beard struck Shack in the throat using his left forearm. Beard then pushed Shack with his left arm in
40    a downward motion. The force applied by Beard caused Shack to move backwards approximately 2-3 feet
41    (Shack told me I had misunderstood him during the beginning of our discussion).
42
43        Shack left the Bighorn Golf Club at the termination of the event. He did not seek any medical
44    treatment for his injuries and did not report the incident to anyone. Shack told me he did not want to
      disrupt the golf tournament.

47        On 10-12-07, at an unknown hour, Shack returned to the golf tournament to purchase another
48    ticket. At that time he was contacted by Investigator Elders who told him that, per instruction by IMG,
49    Shack would not be allowed inside the tournament. Shack told me he was shocked that the Sheriff's

FILE COPY

**EXHIBIT A-9**

| FILE NUMBER<br>T07304047 | **CONTINUATION PAGE** | PAGE 3 OF 3 |

Deputies were looking for him and treating him like a "wanted person". Shack told me he needs psychological counseling for the distress this incident caused him. Shack wants to press charges against Beard for injuring him. I asked Shack what specific injuries he had received as a result of being struck by Beard. Shack told me his back has been out of alignment since the incident. I asked Shack how much time had elapsed between the initial incident and his seeking treatment for his back injury. Shack told me he had visited a chiropractor on 12-06-07, at 1630 hours for treatment of his back injury. He had not sought any treatment for his back injury prior to that date (12-06-07).

At 1140 hours (on the same date) I notified Sgt. Armstrong of this supplemental report. I am submitting this report to be attached to the initial report of the incident.

**STATUS: EXC**

FILE COPY

**EXHIBIT B**

Court of Appeal, Fourth Appellate District, Division Two - No. E049374

S191785

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

VINCENT W. SHACK, Plaintiff and Appellant,

v.

NBC UNIVERSAL, INC. et al., Defendants and Respondents.

The petition for review is denied.
The request for an order directing publication of the opinion is denied.

Chin and Corrigan, JJ., were recused and did not participate.

SUPREME COURT
**FILED**

MAY 1 1 2011

Frederick K. Ohlrich Cler

_____
Deputy

CANTIL-SAKAUYE
*Chief Justice*

# EXHIBIT C



**STATE OF CALIFORNIA**
EDMUND G. BROWN JR., Governor

IENT CLAIMS PROGRAM
.et, 5ᵗʰ Floor ◆ Sacramento, California 95811
Jdress: P.O. Box 3035 ◆ Sacramento, California 95812
: Telephone Number 1-800-955-0045 ◆ Fax Number: (916) 491-6443
www.vcgcb.ca.gov

ANNA M. CABALLERO
Secretary
State and Consumer Services Agency
Chairperson

JOHN CHIANG
State Controller
Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

JULIE NAUMAN
Executive Officer

Vincent Shack
6433 7 Doral Drive
Desert Hot Spring, CA 92240

September 15, 2011

RE: Claim G599514 for Vincent Shack

Dear Vincent Shack,

The Victim Compensation and Government Claims Board (VCGCB) received your claim on September 01, 2011.

We have reviewed your claim and determined that the VCGCB has no jurisdiction to consider the claim for the following reason(s):

The Victim Compensation and Government Claims Board has no jurisdiction over the Superior Court or Superior Court Judges.

.e VCGCB will take no further action on your claim. If you have questions about this matter, please mention letter reference 47 and claim number G599514 when you call or write your claim technician or analyst at (800) 55-0045.

Sincerely,

Government Claims Program
Victim Compensation and Government Claims Board

r 47 No Jurisdiction

# EXHIBIT D



# Judicial Council of California

## ADMINISTRATIVE OFFICE OF THE COURTS

### OFFICE OF THE GENERAL COUNSEL

455 Golden Gate Avenue • San Francisco, California 94102-3688
Telephone 415-865-7446 • Fax 415-865-7664 • TDD 415-865-4272

TANI G. CANTIL-SAKAUYE
*Chief Justice of California*
*Chair of the Judicial Council*

JODY PATEL
*Interim Administrative Director of the Courts*

CURT SODERLUND
*Interim Chief Deputy Director*

MARY M. ROBERTS
*General Counsel*

August 21, 2012

Mr. Vincent W. Shack
64337 Doral Drive
Desert Hot Springs, California 92240

Re:  Claimant:                   Vincent W. Shack
     Date of Incident:           March 4, 2011
     Date Claim Presented:       August 6, 2012

Dear Mr. Shack:

The claim you presented to the Clerk/Administrator of the Court of Appeal, Fourth Appellate District (the Court of Appeal), on August 6, 2012, was forwarded to this office for a response. The claim is being returned because it was not presented within six months after the event or occurrence as required by law. See sections 901 and 911.2 of the Government Code. Because the claim was not presented within the time allowed by law, no action was taken on the claim.

A person's only recourse for presenting a late claim (i.e., a claim that was not presented within six months after the event or occurrence) would normally be to apply without delay to the Court of Appeal for leave to present a late claim. See sections 911.4 to 912.2, inclusive, and section 946.6 of the Government Code. Under some circumstances, leave to present a late claim will be granted. See section 911.6 of the Government Code. Please note, however, that the application for leave to present a late claim not only must state the reason for the delay in presenting the claim but it must be made *within a reasonable time not to exceed one year after the accrual of the cause of action*. See section 911.4(b) of the Government Code.

Mr. Vincent W. Shack
August 21, 2012
Page 2


You may seek the advice of an attorney of your choice in connection with this matter. If you
desire to consult an attorney, you should do so immediately.


Very truly yours,


Lyle R. Nishimi
Attorney
LRN/ms


Enclosure

**EXHIBIT E**

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

<u>ORDER</u>



VINCENT W. SHACK,
    Plaintiff and Appellant,

  v.

NBC UNIVERSAL MEDIA, LLC et al.,
    Defendants and Respondents.

E049374

(Super.Ct.No. INC083821)

The County of Riverside

THE COURT

    Appellant's motion filed August 6, 2012, to recall the remittitur is DENIED on the same ground as appellant's motion filed September 29, 2011, to recall the remittitur was denied by order filed October 12, 2011.

    The ground for denial of both motions to recall the remittitur is "that the sole ground of the motion was asserted judicial error, which does not justify the recall of a remittitur.  (*Southwestern Inv. Corp. v. City of L. A.* (1952) 38 Cal.2d 623, 626; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 852, pp. 914-915.)"  (Order filed October 12, 2011.)  Although appellant claimed in the title to the motion, "related to matters outside of 'judicial error,'" the grounds asserted in the motion exclusively relate to judicial error.  Appellant's claims of error include: (in the introduction) "'clearly unfair treatment under the Color of Law'"; (in the declaration) enforcement under color of law of the "Constitutional Rights to one (1) party (the Defendants/Respondents), at the EXPENSE of the, second party (the Plaintiff/Appellant); (also in the declaration in all capital letters) "clear and bright lines of the law were crossed by the court"; and (in the declaration as well) "No level of 'scrutiny' was applied to the claimed 'protected conduct (Civil Code 47b)' of the Defendant."  No ground other than judicial error is discernible in the motion.

    Appellant's government claim received with the motion was forwarded to, and separately handled by, the Office of General Counsel at the Administrative Office of the Courts.

RAMIREZ
_____
Presiding Justice



cc:    See attached list

# EXHIBIT F

vision Two
evin J. Lane, Clerk Executive Officer
Electronica..., FILED on 7/12/2019 by E. Ceballos, Deputy Cl

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

## **ORDER**

VINCENT W. SHACK,
    Plaintiff and Appellant,

    v.

NBC UNIVERSAL MEDIA, LLC et al.,
    Defendants and Respondents.

E049374

(Super.Ct.No. INC083821)

The County of Riverside

---

THE COURT

    Appellant filed on February 23, 2018, his fifth motion to recall the remittitur.   It is DENIED on the same grounds as the denial of his fourth recall motion by order filed August 23, 2016.   That order was the subject of appellant's petition for review, which was denied October 28, 2016.   By his fifth recall motion, appellant appears to seek leave from this court to have the government claims reviewed that were submitted with an earlier recall motion and forwarded to the Office of General Counsel.   (See docket entry for order filed November 19, 2012.)   The order denying the fourth recall motion explained that the extent of this court's jurisdiction in this appeal was review of the judgment appealed, which did not extend to subsequent government claims.   The court denies this fifth recall motion on the same ground.   (See *Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 165-166 [remittitur may not be recalled for judicial error, but only for clerical error, fraud on the court, or court's inadvertence or mistake of fact].)

RAMIREZ
Presiding Justice

cc:    See attached list

**EXHIBIT G**

**EXHIBIT G-1**

Appellate Courts Case Information


Courts: The Judicial Branch of California

Welcome

Search

E-mail

Calendar

Help

Opinions

4th Appellate District Division 2


Court data last updated: 12/18/2019 09:15 AM


Docket (Register of Actions)

Vincent Shack v. NBCUniversal Media, LLC et al.

Case Number E049374

| Date | Description | Notes |
|---|---|---|
| 10/07/2009 | Notice of appeal lodged/received. | dtd Sep 28, 2009; Vincent W. Shack (IMG Worldwide, Inc. & LPGA) |
| 10/07/2009 | Letter to counsel - 10 days to file case information statement. | |
| 10/07/2009 | Default notice sent-appellant notified per rule 8.100(c). | |
| 10/15/2009 | Notice of appeal lodged/received. | dtd Sept 28, 2009; Vincent Shack (Bighorn) |
| 10/15/2009 | Notice of appeal lodged/received. | dtd Sept 28, 2009; Vincent Shack (NBC Universal) |
| 10/15/2009 | Notice of appeal lodged/received. | Sept 28, 2009; Vincent Shack (Samsung Electronics) |
| 10/15/2009 | Letter to counsel - 10 days to file case information statement. | (NBC Universal Inc.) |

**EXHIBIT G-2**

10/15/2009     Letter to counsel - 10 days to file case information statement.     (Samsung Electronics America Inc.)

10/15/2009     Letter to counsel - 10 days to file case information statement.     (Bighorn Properties)

10/15/2009     Application for waiver of filing fee filed.

10/15/2009     Order waiving filing fee.

10/19/2009     Certificate of interested entities or persons filed by:        applt

10/19/2009     Received document entitled:     CCIS (IMG Worldwide, LPGA)

10/19/2009     Received document entitled:     CCIS (Bighorn Properties)

10/19/2009     Received document entitled:     CCIS (NBC Universal, Inc.)

10/19/2009     Received document entitled:     CCIS (Samsung Electronics America)

10/19/2009     To court.        CCIS (4) & misc file folder

10/22/2009     Association of attorneys filed for:        resp Bighorn Properties; Best, Best & Krieger associates in Bradley & Gmelich

10/26/2009     To presiding justice for signature.        proposed order

10/27/2009     Order filed.     Because the appeal from the Jul 27, 2009 order in favor of Bighorn Properties is untimely, it must & is dismissed. The crt construes the ntc of appeal (as to IMG Worldwide, Inc. & Ladies Professional Golf Assn) to have been taken from the jdmt in favor of IMG Worldwide & LPGA dtd Jul 16, 2009. Further, applnt directed to serve/file a signed, file-stamped copy of the jdmt filed in favor of Samsung Electronics America, Inc., on or before 15 days from date of this order.

10/27/2009     Civil case information statement filed.     (IMG Worldwide Inc., LPGA)

10/27/2009     Civil case information statement filed.     (NBC Universal Inc.)

11/02/2009     Filed document entitled:        Ntc to Court of Appeal in compliance with the order on Oct 27, 2009 with copy of jdmt filed in favor of Samsung Electronics America, Inc.

11/02/2009     To court.        copy of jdmt by applnt, misc file folder

11/09/2009     To presiding justice for signature.        proposed order

11/12/2009     Order filed.     The crt construes the ntc of appeal filed Sept 08, 2009, as to Samsung Electronics America, Inc. to have been taken from the order filed Oct 5, 2009. In addition, the premature ntc of appeal is deemed to have been filed immediately after entry of the appealable order.

11/12/2009     Civil case information statement filed.     (Samsung Electronics America)

**EXHIBIT G-3**

11/16/2009     Telephone conversation with:     Angelina w/Riv appeals re status of record - ntc for estimate of costs being sent.

12/22/2009     Telephone conversation with:     Angelina w/Riv appeals re status of record - fees due Jan 4, 2010.

12/30/2009     Remittitur issued.         Partial, as to the appeal re Bighorn Properties

01/28/2010     Telephone conversation with:     Angelina w/Riv appeals re status of record - only clk's transcript being prepared. Due date is Feb 22, 2010.

02/18/2010     Record on appeal filed.  C-2.

03/12/2010     Requested - extension of time

Appellant's opening brief. Requested for 05/18/2010  By 49 Day(s)

(fax)

03/19/2010     To court.         applnt's extn req to file AOB

03/23/2010     To presiding justice for signature.         proposed order

03/24/2010     Denied - extension of time.         Instead applnt is granted an ext to April 29, 2010 to file AOB w/no further extns.

04/22/2010     Motion/application to augment record filed.     & extn req to file AOB

04/29/2010     Voice Mail message for: applnt re need change of address.

04/30/2010     Telephone conversation with:     applnt re address has not changed. Applnt notified in the future to include his address on the cover page of his documents.

05/04/2010     Certificate of interested entities or persons filed by:         resp IMG Worldwide, Inc.

05/04/2010     Certificate of interested entities or persons filed by:         resp Ladies Professional Golf Association

05/04/2010     Opposition filed.         to applnt's mtn for amendment of record by resp's IMG Worldwide, Inc. & Ladies Professional Golf Association

05/10/2010     To court.         applnt's mtn to augment/extn req to file AOB & oppo by resp's IMG Worldwide & LPGA

05/11/2010     Reply filed to:   opposition to mtn to augment, by applnt

05/11/2010     To court.         applt's reply to oppo to mtn to aug

# EXHIBIT G-4

05/11/2010      Voice Mail message for: applnt re need amended pos, including "9th Floor" for Tharpe & Howell re reply to opposition to mtn to aug

05/14/2010      Received document entitled:     pos correction re reply to resp's oppo of mtn to augment including complete address for Tharpe & Howell

06/04/2010      To presiding justice for signature.        proposed order

06/07/2010      Augmentation granted. (See order.)      Applnt's mtn to aug granted, & the rptr's attached to the mtn as exhibits A, B, C, D, & E are deemed part of the record on appeal. Req for a 30-day extn to serve/file AOB denied. Instead, AOB due 20 days from date of this order w/no further extns.

06/11/2010      Motion filed.     For imposition of sanctions, including memo of points & authorities, by applnt

06/25/2010      Appellant's opening brief.        Plaintiff and Appellant: Vincent W. Shack

Pro Per

06/28/2010      Certificate of interested entities or persons filed by:       resp NBC Universal, Inc.

06/28/2010      Opposition filed.        To applnt's mtn for imposition of sanctions by resp NBC Universal

06/28/2010      Filed declaration of:      Stephen Chace Bass in sppt of oppo to mtn for sanctions

06/28/2010      Opposition filed.        To applnt's mtn for imposition of sanctions, by resp IMG Worldwide, Inc & Ladies Professional Golf Association

06/28/2010      Certificate of interested entities or persons filed by:       resp Samsung Electronics America

06/28/2010      Opposition filed.        To applnt's mtn for imposition of sanctions, by resp Samsung Electronics America, Inc.

06/28/2010      Filed joinder to: oppo's by resp's NBC Universal & Samsung Electronic's to applnt's mtn for imposition of sanctions, by resp IMG Worldwide & Ladies Professional Golf Association

06/28/2010      To court.        applnt's mtn for imposition of sanctions, oppo by NBC Universal, declaration in sppt of oppo by NBC Universal, oppo by resp IMG Worldwide & Ladies Professional Golf Assn, oppo by resp Samsung Electronics, & joinder to resp's oppo

07/06/2010      Reply filed to:   oppositions to mtn for imposition of sanctions

07/06/2010      To court.        applnt's reply to oppos's to mtn for sanctions

07/15/2010      Returned document for non-conformance.      RB extn rqst for resp IMG, Worldwide, Inc.: not enough copies, need return envelopes & orig signatures OR can fax.

**EXHIBIT G-5**

07/16/2010       Requested - extension of time

Respondent's brief. Requested for 08/25/2010  By 30 Day(s)

(fax)

07/20/2010       To presiding justice for signature.        proposed order

07/21/2010       To court.        resp's IMG Worldwide, Inc. & LPGA's extn req to file RB

07/21/2010       Returned document for non-conformance.        Samsung's RB extn missing envelopes
and 1 more copy.

07/21/2010       Requested - extension of time

Respondent's brief. Requested for 08/25/2010  By 30 Day(s)

07/21/2010       Certificate of interested entities or persons filed by:        Samsung Electronics
(supplemental)

07/22/2010       Order on motion filed.   Ruling reserved for consideration w/the appeal on the mtns for
sanctions.

07/23/2010       To presiding justice for signature.        proposed order

07/23/2010       Respondent's brief.        Defendant and Respondent: NBCUniversal Media, LLC.

Attorney: Paul K. Schrieffer

07/23/2010       Granted - extension of time.

Respondent's brief. Due on 08/25/2010  By 30 Day(s)

w/no further extns.

07/27/2010       To court.        resp Samsung's extn req to file RB

07/29/2010       To presiding justice for signature.        proposed order

07/29/2010       Granted - extension of time.

Respondent's brief. Due on 08/25/2010  By 30 Day(s)

w/no further extns.

08/09/2010       Voice Mail message for: atty Schrieffer re need amended pos, including service to
Supreme Court re RB

08/12/2010       Filed proof of service.        by Resp. NBC Universal of RB on Supreme Court & superior crt

# EXHIBIT G-6

08/25/2010     Returned document for non-conformance.      RB & 1 volume of exhibits for Samsung Electronics America Inc. - attachments to briefs may not exceed 10 pages and may consist only of exhibits or other materials in the appellate record. Rule 8.204(d).

08/26/2010     Respondent's brief.      Defendant and Respondent: IMG Worldwide, Inc.

Attorney: Eric Bruce Kunkel

Defendant and Respondent: Ladies Professional Golf Association

08/26/2010     Respondent's brief.      Defendant and Respondent: Samsung Electronics America Inc.

Attorney: Wesley Drew Hellerud

08/26/2010     Motion/application to augment record filed.      resp Samsung Electronics America, Inc.

09/03/2010     Opposition filed.      to resp Samsung Electronics America, Inc.'s mtn to augment.

09/03/2010     To court.      Resp Samsung Electronics mtn to aug & applnt's oppo thereto.

09/10/2010     Appellant's reply brief.  Plaintiff and Appellant: Vincent W. Shack

Pro Per

09/10/2010     Case fully briefed.

09/28/2010     To presiding justice for signature.      proposed order

09/29/2010     Augmentation granted. (See order.)      The document copies attached to resp Samsung Electronics America, Inc.'s mtn to aug filed Aug 26, 2010 are deemed a part of the record on appeal.

10/07/2010     Case briefed and on assignment panel.

01/10/2011     Issued tentative opinion or disputed issued memo

01/19/2011     Waiver of oral argument filed by:      (by fax) respondent

01/24/2011     Request for oral argument filed by:      applnt Shack. (by fax)

01/28/2011     Calendar notice sent. Calendar date:      March 1, 2011 @ 1:30 pm

03/01/2011     Cause argued and submitted.

03/04/2011     Opinion filed.    (Signed Unpublished)

03/18/2011     Rehearing petition filed.by applnt.

03/23/2011     Filed request to publish opinion.      resp NBC Universal, Inc.

03/24/2011     Order denying rehearing petition filed.  appellant's

**EXHIBIT G-7**

03/24/2011    Letter sent to:   Supreme Crt, dtd Mar 24, 2011, declining publication of opinion

04/07/2011    Service copy of petition for review received.       applnt

04/07/2011    Record transmitted to Supreme Court.   1 vol S191785

04/27/2011    Received copy of Supreme Court filing.   Notice of change of corporate name of def NBC Universal, Inc.

04/27/2011    Received copy of Supreme Court filing.   resp NBCUniversal Media, LLC's answer to applnt req for jud review

05/06/2011    Received copy of Supreme Court filing.   applnt's reply to answer: petn for judicial review

05/17/2011    Petition for review denied in Supreme Court.     and the request for an order directing publication of the opinion is denied, dtd May 11, 2011. Chin & Corrigan, JJ., were recused & did not participate; S191785

05/17/2011    Filed document entitled:        Notice of change of Corporate name of defendant NBC Universal, Inc. to NBCUniversal Media, LLC.

05/17/2011    Remittitur issued.

05/20/2011    Record returned from Supreme Court.   1 vol

05/27/2011    Received:       Copy of ntc of appeal to the U.S. District Court by applnt

09/22/2011    Returned document for non-conformance.       Government claims form - lack of jurisdiction

09/29/2011    Motion filed.    To recall the court's remittitur, by applnt

09/29/2011    Exhibits lodged. 1 volume (government claim)

09/29/2011    To court.       applnt's mtn to recall remittitur & 1 volume exhibits

10/12/2011    Order on motion filed.   Applnt's mtn filed Sept 29, 2011 denied. The clk of this crt directed to return the original exhibits, including an original state government claims form & a check for $25 to applnt. The clk further directed to retain in the case file a copy of the check & a copy of the original exhibits.

10/12/2011    Note:   exhibits rec'd Sept 29, 2011 & check number 904 returned to applnt

08/10/2012    Returned document for non-conformance.       personal m.o. dtd Aug 3, 2012 to Edward Montgomery - no fee here for $25.00

08/06/2012    Motion filed.    To recall the remittitur by applnt

**EXHIBIT G-8**

08/10/2012      To court.          applnt's mtn to recall remittitur, 1 volume exhibits, misc file folders (2)

08/06/2012      Exhibits lodged. 1 volume (entitled Appellant's government claim) in support of mtn to recall remittitur

11/19/2012      Order on motion filed.   Motion to recall remittitur denied on the same grounds as appellant's motion filed September 29, 2011 to recall the remittitur was denied by the order filed Oct 12, 2011. (see order for specifics) Appellant's government claim received with the motion was forwarded to, and separately handled by, the Office of General Counsel at the Administrative Office of the Courts.

11/19/2012      Returned document for non-conformance.          Appellant's letter to the court clerk re action on pending motion. MOOT-order filed this am.

03/29/2013      Service copy of petition for review received.      by appellant in proper

03/03/2014      Case in basement storage.        List 18, Box 13

01/15/2015      Shipped to state retention center, box # / list #: SRC# 0421909

05/13/2015      Returned document for non-conformance.          Motion to recall the remittitur - Exhs need to include index and consecutively number

05/18/2015      Motion filed.    to recall remittitur by applnt

05/29/2015      Filing fee.        Resp NBCUniversal Media, LLC et al.

05/29/2015      Opposition filed.        to Vincent Shack's mtn to recall remittitur.

05/29/2015      To court.        Applnt's mtn to recall rmi & oppo thereto.

06/30/2015      To presiding justice for signature.        Proposed order

07/01/2015      Order on motion filed.   to recall remittitur, denied. (see order)

02/04/2016      Motion filed.    entitled "Appellant's petition for recall of court's remittitur"

02/22/2016      To court.        mtn to recall remittitur

04/19/2016      Received copy of Supreme Court filing.   Applnt's own petn; mtn to review applnt's mtn to recall the lower crt's rmi for good cause; S191785.

07/01/2016      Supreme Court order filed re:    petn, captioned as a "petn to transfer: mtn to recall Crt of Appeal's rmi, " denied. Dtd Jun 22, 2016; S234225.

07/13/2016      Returned document for non-conformance.          ltr dtd Jul 8, 2016 - need pos and req/exempt

# EXHIBIT G-9

| | | |
|---|---|---|
| 07/22/2016 | Received letter from: | applt dtd Jul 22, 2016 re motion to recall remittitur |
| 07/26/2016 | To court. | ltr dtd Jul 22, 2016 from applt |
| 08/22/2016 | To presiding justice for signature. | Proposed order |
| 08/23/2016 | Order on motion filed.   The Feb 4, 2016, motion to recall the remittitur is DENIED. | |
| 09/27/2016 | Record requested from State Records Center. | |
| 09/28/2016 | Received copy of Supreme Court filing.  Applnt's petn for judicial review | |
| 10/03/2016 | Received:      Record from SRC | |
| 10/03/2016 | Record transmitted to Supreme Court.   1 vol (S237406) | |
| 10/28/2016 | Petition for review denied in Supreme Court.      Dtd Oct 26, 2016; S237406 | |
| 11/02/2016 | Record returned from Supreme Court.   1 vol | |
| 02/13/2018 | Returned document for non-conformance.        appellant's document entitled Petition for Judicial Review; lack of jurisdiction | |
| 02/23/2018 | Motion to recall the remittitur filed.      by appellant | |
| 02/23/2018 | To court.      Appellant's motion to recall remittitur | |
| 04/30/2018 | Filed letter from:       appellant, in support of motion to recall the remittitur | |
| 04/30/2018 | To court.      appellant's letter in support of motion to recall the remittitur | |
| 08/02/2018 | Received:      appellant's request for update on motion to recall remittitur | |
| 08/02/2018 | To court.      appellant's request for update on motion to recall remittitur | |
| 03/26/2019 | Filed letter from:       appellant, requesting status of ruling on motion to recall remittitur | |
| 03/26/2019 | To court.      appellant's request for status of ruling on motion to recall remittitur | |
| 07/12/2019 | Order on motion filed.   Appellant's Feb 23, 2018, motion to recall remittitur is denied. | |
| 07/15/2019 | Record returned to State Records Center. | |
| 08/21/2019 | Received copy of Supreme Court filing.  appellant's motion for review | |
| 08/22/2019 | Record requested from State Records Center. | |
| 08/27/2019 | Received:      Record from SRC | |

**EXHIBIT G-10**

08/27/2019     Record transmitted to Supreme Court.   2 vol (S257553)

09/26/2019     Petition for review denied in Supreme Court.     dtd Sep 25, 2019 (appellant) S257553

11/25/2019     Record returned from Supreme Court.

**PROOF OF SERVICE**

**(This section should not be filed with the court unless required by Fed. R. Civ.P.4 (I)**

This summons for (**Paul K. Schrieffer, Esq.)**

Is received by me on **December 27, 2019**

\_\_I personally served the summons on the individual at (*place*)_____

on (*date*) _____; or

\_\_I left the summons at the individual's residence or usual place of abode with

(*name*)_____, a person of suitable age and discretion who resides

there, on (*date*) _____, and mailed a copy to the individual's last known

address; or

XI served the summons on **Paul K. Schrieffer**, who is designated by law to accept service of
process on behalf of **NBCUniversal Media, LLC at 100 N. Barranca Avenue, Suite 1100**

**West Covina, CA 91791** on **December 27, 2019**; or

\_\_I returned the summons unexecuted because _____

\_\_other

My fees are $_____ for travel and $_____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: *12 - 26 - 2019*                    *Lois D. Shack*
                                              *Server's signature*

                                    **Lois D.  Shack**
                                    *Printed name and title*

                    **9541 Clubhouse Blvd. Desert Hot Springs, CA  92240**
                                    *Server's address*

Civil Action No.

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ.P.4 (I)**

This summons for *(Paul V. Wayne, Esq.)*

Is received by me on **December 27, 2019**

__I personally served the summons on the individual at *(place)*_____

on *(date)* _____; or

__I left the summons at the individual's residence or usual place of abode with

*(name)*_____, a person of suitable age and discretion who resides

there, on *(date)* _____, and mailed a copy to the individual's last known

address; or

X I served the summons on *(**Paul V. Wayne**)* with **Tharpe & Howell, LLP**

**15250 Ventura Blvd., 9th Floor Sherman Oaks, CA 91403** who

designated by law to accept service of process on behalf of (***IMG Worldwide, Inc***.) on
*(**December 27, 2019**)*; or

__I returned the summons unexecuted because _____

__other

My fees are $_____ for travel and $_____ for services, for a total of $___0___

I declare under penalty of perjury that this information is true.

Date: *12-26-2019*                    *Lois D. Shack*
                                      *Server's signature*

                              _____Lois D. Shack_____
                                   *Printed name and title*

                          9541 Clubhouse Blvd. Desert Hot Springs, CA  92240
                                      *Server's address*

Civil Action No.

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ.P.4 (I)**

This summons for (***Paul V. Wayne, Esq.***)

Is received by me on **December 27, 2019**

  __I personally served the summons on the individual at (*place*)_____

on (*date*) _____; or

__I left the summons at the individual's residence or usual place of abode with

(*name*)_____, a person of suitable age and discretion who resides

there, on (*date*) _____, and mailed a copy to the individual's last known

address; or

  ☒ served the summons on (***Paul V. Wayne***) with **Tharpe & Howell, LLP**

**15250 Ventura Blvd., 9th Floor Sherman Oaks, CA 91403**, who

designated by law to accept service of process on behalf of (***Ladies Professional Golf Association***) (***December 27, 2019***) _____; or

__I returned the summons unexecuted because _____

__other

My fees are $_____ for travel and $_____ for services, for a total of $____

I declare under penalty of perjury that this information is true.

Date: 12-26-2019

*Server's signature*

**Lois D. Shack**
*Printed name and title*

**9541 Clubhouse Blvd. Desert Hot Springs, CA  92240**
*Server's address*

Civil Action No.

## PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ.P.4 (I)

This summons for (*Zena Lomeli, Esq.*)

Is received by me on **December 27, 2019**

__I personally served the summons on the individual at (*place*)_____

on (*date*) _____; or

__I left the summons at the individual's residence or usual place of abode with

(*name*)_____, a person of suitable age and discretion who resides

there, on (*date*) _____, and mailed a copy to the individual's last known

address; or

X I served the summons on (*Zena Lomeli*) with **Kinkle, Rodiger and Spriggs**

**3333 Fourteenth Street Riverside, CA 92501**, who

designated by law to accept service of process on behalf of (*Samsung Electronics America Inc.*)
on (*December 27, 2019*) _____; or

__I returned the summons unexecuted because _____

__other

My fees are $_____ for travel and $_____ for services, for a total of $ ____

I declare under penalty of perjury that this information is true.

Date: 12-26-2019

_____
*Server's signature*

**Lois D. Shack**
*Printed name and title*

**9541 Clubhouse Blvd. Desert Hot Springs, CA  92240**
*Server's address*

Civil Action No.

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ.P.4 (I)**

This summons for (**Superior Court.**)

Is received by me on **December 27, 2019**

__I personally served the summons on the individual at (*place*)_____

on (*date*) _____; or

__I left the summons at the individual's residence or usual place of abode with

(*name*)_____, a person of suitable age and discretion who resides

there, on (*date*) _____, and mailed a copy to the individual's last known

address; or

X I served the summons on **Superior Court**, who is designated by law to accept service of
process on behalf of **3255 E. Tahquitz Canyon Palm Springs, CA  92262** on **December 27, 2019**; or

__I returned the summons unexecuted because _____

__other

My fees are $_____ for travel and $_____ for services, for a total of $ 0

I declare under penalty of perjury that this information is true.

Date: *12-26-2019*                    _____
                                                          *Server's signature*

                                        **Lois D.  Shack**
                                        *Printed name and title*

                            **9541 Clubhouse Blvd. Desert Hot Springs, CA  92240**
                                        *Server's address*

Civil Action No.

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ.P.4 (I)**

This summons for (**Stephen Kelly**)

Is received by me on **December 27, 2019**

__I personally served the summons on the individual at (*place*)_____

on (*date*) _____; or

__I left the summons at the individual's residence or usual place of abode with

(*name*)_____, a person of suitable age and discretion who resides

there, on (*date*) _____, and mailed a copy to the individual's last known

address; or

X_I served the summons on **Stephen Kelly**, who is designated by law to accept service of
process on behalf of **3389 Twelfth Street Riverside, CA  92501** on **December 27, 2019**; or

__I returned the summons unexecuted because _____

__other

My fees are $_____ for travel and $_____ for services, for a total of $_____

I declare under penalty of perjury that this information is true.

Date: *12 - 26 - 2019*

_____
*Server's signature*

_____**Lois D.  Shack**_____
*Printed name and title*

**9541 Clubhouse Blvd. Desert Hot Springs, CA  92240**
*Server's address*